New York County.—Hon. RASTUS S. RANSOM, Surrogate.—September, 1889.

MATTER OF LAWRENCE.

*In the matter of the judicial settlement of the account of* ADRIAN VAN SINDEREN, *executor and trustee of the will of* WILLIAM LAWRENCE, *deceased.*

The premium derived from the sale of securities in which the principal of a trust fund is invested, should be credited to the principal account, to go eventually to the one who shall be entitled to receive the corpus of the estate, and not to the income account, payable to a life beneficiary.

On a payment which a testamentary trustee is ordered to make by a decree, simple interest and not interest with annual rests, nor compound interest should be charged.

ACCOUNTING of Adrian Van Sinderen, executor and trustee of the will of William Lawrence, deceased. The facts appear in the opinion.

ALEXANDER & GREEN *and* FREDERICK R. COUDERT, *for trustee.*

HOFFMAN MILLER, *for* WILLIAM E. LAWRENCE.

ALFRED BACH *and* WALTER L. McCORKLE, *for* ISAAC LAWRENCE *and* SARAH L. MOSER, *contestants.*

RUFUS L. SCOTT, *for* ANN S. HOLYWELL.

THE SURROGATE.—I have examined this case care-

fully, and such matters as have been presented in a shape to enable me to consider them, I have disposed of. The others, however, are left in such a condition, owing to the confused manner in which they are submitted, that I am obliged to defer their determination. The report of the referee consists of opinions and findings, facts and evidence, so commingled and run together as to make it extremely difficult, if not impossible, to ascertain definitely the grounds upon which he bases his conclusions, or to test their accuracy or correctness; and he has made contradictory findings of fact, no doubt by inadvertence. The report must be sent back for the purpose of having the referee state his conclusions of fact and law separately, and entirely dissociated from his opinion.

The amount of $462.63, respecting which the contestant, William E. Lawrence, filed his fourth objection, was not included in the trustee's accounts, and very properly so. The amount was adjudged to be paid to the objectant by the decree made upon the former accounting, and was an adjudication and a determination enforceable in the usual way, in which any other money decree or judgment could be enforced. Sections 2,553–2,555, Code Civ. Proc.; Laws 1837, c. 460, §§ 63, 64, as amended by chapter 104, Laws 1884; People v. Marshall, 7 *Abb. N. C.* 380. Obviously, simple and not compound interest could be charged on the amount of the recovery. What defences might be successfully interposed to the attempted collection of its amount, could be set up when the attempt to enforce it is made in a proper proceeding. If any claim were made herein by the

contestant that payments to him which the trustee seeks to charge against funds, or for which he is now accounting, were not so paid, but paid on account of the moneys directed to be paid by the decree, it would, of course, be necessary to take into consideration such moneys in ascertaining the fact, and determining the extent of the interest of the contestant in the moneys now being accounted for. In no aspect of the case, however, can compound interest be awarded on the amount directed to be paid by the decree, or annual rests be taken in computing the interest. The account prepared by the referee, will, he having allowed interest with annual rests to be charged on such amount, have to be readjusted.

The eleventh finding of the referee, respecting the profits upon the sale of the United States securities, forming part of the trust fund to whose income Isaac Lawrence is entitled, is plainly wrong. This profit is credited to the income account, and allowed as income to the beneficiary. It should have been allowed as income to the trust fund and goes as part thereof to the party or parties eventually entitled to receive the *corpus*. The referee has found that the decree in the previous accounting is binding upon the other parties, but not upon Isaac Lawrence, as he was not cited to attend such accounting, and was not otherwise before the court in such proceeding. The proof of service of citation shows that he was served with the citation. It was, notwithstanding this, competent to show such was not the fact. Ferguson v. Crawford, 70 *N. Y.* 253. I do not decide whether the evidence was or was not sufficient to justify his finding in this

regard.   Nothing is now determined by me save the questions involved in the fourth objection of William E. Lawrence, and the eleventh finding of the referee, hereinbefore considered.   I refer to the finding for the purpose of stating that while the referee has made this finding, he has not indicated with sufficient explicitness the particular matters affected by it.

I am unable to ascertain definitely from the exceptions filed by the trustee whether any exception is intended to be interposed to the disposition which the referee has made of so much of his report as deals with the mortgage for $1,000 made by William E. Lawrence to the accounting party.   The latter's thirty-sixth exception, which attempts to raise questions respecting the disposition made by the referee of items of the account, is too general and indefinite.   It seems to have been made for the purpose of enlisting the ingenuity of the court in a career of exploration and discovery which it is the duty of the counsel to wholly undertake himself.   This exception is therefore not available.   When the referee shall have returned to the court his report with the proper findings the counsel will be expected to submit anew such exceptions as they may wish to file, as I shall consider those already filed, except to the extent that they relate to the questions which I have herein disposed of, as not before me for consideration.   The purpose of this is to prevent confusion, and to have the issues presented to the court for decision plainly and precisely defined and indicated.